**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-40239

---

DALE WAYNE BERRY, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff - Appellant,

VERSUS

EXCEL GROUP, INC.

Defendant - Appellee.

---

Appeals from the United States District Court
for the Eastern District of Texas

---

April 19, 2002

Before ALDISERT,[*] DAVIS, and PARKER, Circuit Judges

W. EUGENE DAVIS, Circuit Judge:

Appellant, an electrician who works for various sub-contractors on large constructions jobs, challenges the district court's order declining to include a weekly expense per diem payment as part of his regular wages for purposes of computing

---

[*] Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation.

overtime compensation. For reasons states below, we agree with the district court that the expenses the per diem was designed to reimburse were incurred primarily for the employer's benefit and were not excessive. We therefore affirm the district court's judgment.

## I.

Dale Berry, an electrician, was hired by Excel Group, Inc. (Excel), an electrical subcontracting firm, to work at a refinery construction project in Port Arthur, Texas. In his application for employment, he disclosed that he lived in Brookewood, Texas, located approximately 100 miles from the jobsite in Port Arthur. He was hired at a rate of $17/hour plus a "per diem" of $100/week. Berry was promoted part-way through the job, receiving a raise to $20/hour and a $150/week per diem. Rather than commute between Brookewood and Port Arthur, Berry lived out of his travel trailer near the worksite for the six week duration of his job.

It is uncontested that Excel offered the same per diem to all electricians, no matter where they lived. Berry sued Excel in the district court on the theory that the FLSA requires this per diem to be counted as regular pay rather than reimbursement, thus raising his hourly wage rate and his time-and-a-half overtime wage rate. The district court granted Excel's motion for summary judgment, holding that the per diem is reasonable under the FLSA's reasonableness test. Berry appeals.

## II.

2

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court.[1] The FLSA provides, in pertinent part, that the regular rate of pay does not include "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer."[2] The regulation interpreting this subsection provides that

> [w]here an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, [this section] is applicable to reimbursement of such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred) Such payment is not compensation for service rendered by the employees during any hours worked in the work week.[3]

The regulation provides examples of types of reimbursements that do not affect the employees' regular wage rate. The examples include: travel expenses and temporary home-to-work expenses "incurred (i) because the employer has moved the plant to another town before the employee has had an opportunity to find living quarters at the new location or (ii) because the employee, on a particular occasion, is required to report for work at a place

---

[1] *See, e.g.,* Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir.1999); Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir.1998).

[2] 29 U.S.C. § 207(e)(2).

[3] 29 C.F.R. § 778.217(a).

other than his regular workplace."[4]  On the other hand, "if the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby.  An employee normally incurs expenses in traveling to and from work....  If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.'"[5]

We agree with the district court that the per diem Excel paid Berry was a legitimate, reasonable reimbursement of travel expenses.  Excel hired Berry to work in Port Arthur with full knowledge that he lived in Brookewood, 100 miles from the Port Arthur jobsite.  Berry's travel to Excel's job site was primarily for Excel's benefit and the $100-$150 per week per diem is certainly not excessive.  If Berry had commuted daily to the job site, he would have faced a 1,000 mile per week commute.  A reimbursement rate of $.15 per mile would amount to $150 per week.  The fact that Berry elected to live in his travel trailer instead of commuting does not mean that he had no temporary living expenses related to working in Port Arthur.  He would be expected to pay rent on a lot to park his trailer, utilities, and meals.  These expenses were in addition to his regular recurring household

---

[4] *Id.*

[5] *Id.*

expenses in Brookewood where his family lived and where he maintained his primary residence. The regulations sensibly authorize the employer to approximate such expenses as long as the amount of the per diem is not "disproportionately large".[6]

### III.

Berry also argues that the district court failed to give adequate consideration to Excel's policy of paying all employees the same per diem regardless of the distance they live from the job site. Berry contends that their policy establishes that the employer uses the per diem as a way of increasing the employees' salaries without raising their FLSA regular rate of pay in order to avoid paying time-and-a-half on the marginal difference for overtime pay.

From the language of the FLSA itself and the related regulations, we find that the Act requires each employee's expenses to be examined on a case-by-case basis to see whether the "per diem" is appropriate and reasonable.[7]

Because the per diem paid to Mr. Berry was reasonable and appropriate, the district court correctly concluded that these payments should be excluded in computing his wage rate. The next case must be judged on its own facts.

---

[6] See 29 C.F.R. § 278.217(c).

[7] For instance, the general rule quoted at length in Section II above provides that courts must examine specific payments mady by an employer to an employee to cover specific expenses.

We therefore affirm the district court's summary judgment and its denial of relief under Rule 60(b) F.R.A.P.

AFFIRMED.